**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL VENDITTI** | : | |
| Inmate No. 41120050 | : | |
| FCI Tucson | : | Civil Action No. 2:25-cv-00347-CFK |
| 8901 S. WILMOT ROAD | : | |
| TUCSON, AZ   85756, | : | |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **NAPHCARE, INC.** | : | |
| 2090 Columbiana Road | : | |
| Vestavia, AL 35216-2153 | : | |
| Defendant. | : | |

**FIRST AMENDED COMPLAINT**

**Parties**

1.  Plaintiff, Michael Venditti, is an adult individual residing at FCI Tucson.

2.  Defendant, Naphcare, Inc., is for profit corporation that, material hereto, contracted with FDC Philadelphia for the provision of medical and health services for inmates.

**JURISDICTION AND VENUE**

3.  This Court has diversity jurisdiction over the instant action under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, Plaintiff is a citizen of New Jersey, and Defendant is incorporated and maintains a principal place of business in Alabama.

4.  Venue is appropriate in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1391, because the events underlying Plaintiff's claims occurred in the District.

**Operative Facts**

5.  In or around November 2022, Plaintiff was housed at FDC Philadelphia while his federal criminal case was pending.

1

6. On or around November 15, 2022, Plaintiff slipped getting out of the shower and injured, *inter alia*, his left arm.

7. Plaintiff received an X-ray of his arm and was advised nothing was wrong by Nurse Kistler.

8. Plaintiff experienced significant pain and swelling in his left arm. Plaintiff's arm was visibly swollen and distorted.

9. On or about November 18, 2022, Plaintiff returned to the medical unit and was scheduled for an MRI.

10. Upon information and belief, Dr. Laughingwell or Defendant Naphcare Inc. canceled the original order for Plaintiff's MRI, and the MRI had to be reordered.

11. Eventually, in January 2023, Plaintiff received an MRI and received confirmation that he suffered a rupture to the left distal bicep tendon.

12. Plaintiff required surgery to remediate the tendon.

13. Upon information and belief, the surgeon did not want to perform surgery on Plaintiff unless FDC Philadelphia guaranteed he would receive physical therapy post-surgery.

14. Upon information and belief, FDC Philadelphia agreed to provide Plaintiff's physical therapy post-surgery.

15. Upon information and belief, Defendant Naphcare, Inc. contracted with the Bureau of Prisons to provide medical care for detainees and inmates housed at FDC Philadelphia. Any and all relevant contracts are in Defendant's possession.

16. Upon information and belief, Defendant Naphcare, Inc. is responsible for scheduling and administering outside medical care, such as surgery and physical therapy, based on requests sent by FDC Philadelphia's Clinical Director.

17. Upon information and belief, the scheduling of Plaintiff's surgery was delayed due to Defendant Naphcare, Inc. failing to promptly schedule the aforesaid surgery.

18. On or around May 5, 2023, Plaintiff received surgery to reconstruct his bicep.

19. Per Plaintiff's surgeon, Plaintiff was to rest for approximately 6 weeks post-surgery before starting physical therapy.

20. On or about May 19, 2023, Plaintiff entered a guilty plea in his federal criminal case. Plaintiff's sentencing was deferred.

21. On June 26, 2023, Plaintiff attended a follow-up appointment with his surgeon, who directed Plaintiff to begin physical therapy.

22. Plaintiff was scheduled for one physical therapy session.

23. Plaintiff was not scheduled for any follow-up physical therapy sessions.

24. Upon information and belief, it was Defendant Naphcare Inc.'s responsibility to schedule Plaintiff's physical therapy sessions.

25. Upon information and belief, Defendant Naphcare, Inc. failed to schedule Plaintiff's follow up physical therapy sessions.

26. As a result of Defendant's conduct, Plaintiff's arm was not properly or adequately rehabilitated following surgery, which will impact Plaintiff for the rest of his life.

27. Plaintiff asked the medical unit for a sling and was denied.

28. Plaintiff grieved the lack of medical care at FDC Philadelphia.

29. Upon information and belief, Plaintiff was unable to appeal his grievances to final review because of administrative barriers.

30. As a result of Defendant's failure to timely provide Plaintiff with surgery and physical therapy, Plaintiff experienced, and will continue to experience, pain in his arm, loss of

strength in his arm, numbness in his elbow, and the loss of life's pleasures, such as his hobby bodybuilding.

## Claims

### Count I
### Negligence

31. The above paragraphs are incorporated herein by reference.

32. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

33. Upon information and belief, Defendant had a duty, by virtue of its contractual obligations with the Bureau of Prisons, to provide Plaintiff with adequate medical care.

34. Defendant failed to provide timely diagnostic testing, surgery, and physical therapy to Plaintiff.

35. As a result of Defendant's conduct in delaying and denying Plaintiff treatment, Plaintiff has suffered a permanent injury to his arm.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

WEISBERG LAW

/s/ David A. Berlin
David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL VENDITTI** | : | |
| Inmate No. 41120050 | : | |
| FCI Tucson | : | Civil Action No. 2:25-cv-00347-CFK |
| 8901 S. WILMOT ROAD | : | |
| TUCSON, AZ  85756, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **NAPHCARE, INC.** | : | |
| 2090 Columbiana Road | : | |
| Vestavia, AL 35216-2153 | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 6th day of March 2025, a true

and correct copy of the foregoing Entry of Appearance was served via e-filing on all counsel of

record.

Tennessis Guerrero
MARK P. MERLINI
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
1617 John F Kennedy Blvd
Ste 1010
Philadelphia, PA 19103

REBECCA SANTORO MELLEY
Alanna N Pawlowski
DOJ-USAO
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

                                        WEISBERG LAW
                                        /s/ *Matthew B. Weisberg*
                                        Matthew B. Weisberg, Esquire
                                        Attorney for Plaintiff